UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | | |
|---|---|---|
| HILDA L. SOLIS, | ) | |
| Secretary of Labor, | ) | Civil Action No. |
| United States Department of Labor, | ) | |
| | ) | 1:09-cv-0083-AAT-JBB |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARK BLACK, | ) | |
| TOM BLACK, | ) | |
| SYNERGY HOLDINGS, INC., and | ) | |
| SYNERGY HOLDINGS, INC. 401(k) PLAN, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff, the Secretary of Labor, United States Department of Labor (the "Secretary"), submits this brief in support of her Motion for Default Judgment against Synergy Holdings, Inc. ("the Company").

### I. Introduction

The Secretary filed this action against Defendant pursuant to §§ 502(a)(2) and 502(a)(5), 29 U.S.C. §§ 1132(a)(2) and 1132(a)(5), of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq., (hereinafter

"ERISA"). The Secretary sought to enjoin acts and practices by Defendant which violated the provisions of Title I of ERISA with respect to the Synergy Holdings, Inc. 401(k) Plan ("the Plan"). As a result of Defendant's breaches of ERISA's fiduciary obligations, due to failure to terminate the Plan, the participants and beneficiaries are unable to gain access to their funds.

## II. Factual Background

### A. The Complaint

As set forth in the Complaint, the Company was a fiduciary to the Plan, which is an employee benefit plan within the meaning of § 3(3) of ERISA. The Company put the current version of the Plan into effect in 2004. The Plan currently has approximately thirteen participants and assets of approximately $9,477.60 which are held by Acensus.

The Company ceased operations on or about September 1, 2005. The Company was administratively dissolved that year. Thereafter, the Company failed to terminate the Plan and ensure that the funds in the Plan were appropriately distributed to participants, thus, effectively abandoning the Plan. As a result of the Company's abandonment of the Plan, participants are unable to gain access to their funds. The Company, as a Plan fiduciary, was in a position and was required to ensure that the funds in the Plan were appropriately

distributed to participants but failed to do so. To date, the Company has taken no action to terminate the Plan. *(Complaint, ¶¶ 4-10).*

The Plan is an employee benefit plan within the meaning of § 3(3) of ERISA, 29 U.S.C. § 1002(3)*(Complaint, ¶ 4)*; and the Court has jurisdiction pursuant to § 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1) *(Complaint, ¶ 2)*. The Company breached its fiduciary duties under §§ 404(a)(1)(A) and (B) of ERISA, 29 U.S.C. §§ 1104(a)(1)(A) and (B). *(Complaint, ¶ 11)*.

### B. Procedural Background

The Company was served with the Secretary's Complaint in this matter in accordance with Fed.R.Civ.P. 4(h)(1)(B) and Tennessee Code § 48-55-104(b) on or about March 18, 2010. Defendant failed to answer or otherwise plead within the time provided by the Rules. Default was entered by the Clerk of Court on August 5, 2010, against the Company. The entry of Default Judgment in the Secretary's favor is now appropriate.

### III. Argument & Authority

#### A. Default Judgment in the Secretary's Favor is Proper

The Secretary is entitled to Default Judgment in her favor pursuant to the Federal Rules of Civil Procedure, which provide as follows:

> (2) By the Court: In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has

appeared.  If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.  The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:

(A) conduct an accounting;
(B)  determine the amount of damages;
(C) establish the truth of any allegation by evidence; or
(D) investigate any other matter.

FED. R. CIV. P 55(b)(2).

"The entry of a default judgment is committed to the discretion of the district court." Hamm v. DeKalb County, 774 F.2d 1567, 1576 (11th Cir. 1985). Based on the foregoing and the facts established by the Complaint, the Secretary is entitled to Judgment in her favor.

### B. Defendants Violated ERISA

The Company violated ERISA by failing to terminate the Plan and distribute its assets to participants when the Company ceased operations.  The statute requires fiduciaries to act loyally, or for the exclusive purpose of the plan beneficiaries, see ERISA § 404(a), 29 U.S.C. § 1104(a), and to act prudently in discharging their fiduciary obligations, see ERISA § 404(a)(1)(b), 29 U.S.C. § 1104(b), and to follow plan documents.  See ERISA § 404 (a)(1)(D), 29 U.S.C. § 1104(a)(1)(D).

With respect to the duty of loyalty, the statute provides in relevant part that:

> A fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan; . . . .

29 U.S.C. § 1104(a)(1)(A). See Donovan v. Walton, 609 F. Supp. 1221, 1228 (S.D. Fla. 1985) (citation omitted), aff'd, 794 F.2d 586 (11th Cir. 1986) ("the fundamental obligation of a fiduciary is to act with "'complete and undivided loyalty to the beneficiaries'").

With respect to prudence, the statute provides that fiduciaries must discharge their obligations "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims …." ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B). The prudence standard derives from "the prudent person test as developed in the common law of trusts," but should be applied in a more stringent manner in light of "the special nature and purpose of employee benefit plans." Donovan v. Mazzola, 716 F.2d 1226, 1231 (9th Cir. 1983), cert. denied 464 U.S. 1040 (1984); Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989). Prudence requires fiduciaries to act in the same manner as a prudent person familiar with such

matters. Donovan v. Cunningham, 716 F.2d 1455, 1467 (5th Cir. 1983), cert. denied, 467 U.S. 1251 (1984). An ERISA fiduciary's obligations continue until "adequate provision has been made for the continued prudent management of Plan assets." Glaziers & Glassworkers Local No. 252 Annuity Fund v. Newbridge Securities, Inc., 93 F.3d 1171, 1182 (3d Cir. 1996) (quoting Chambers Kaleidoscope, Inc., Profit Sharing Plan and Trust, 650 F. Supp. 359, 369 (N.D. Ga. 1986)). The obligation to ensure that fiduciary obligations will continue to be met is a component of the prudence requirement imposed by section 404(a)(1)(B).

Defendant violated the exclusive purpose and prudence provisions of § 404(a)(1)(A) and (B) by failing to terminate the Plan and by failing to ensure that the funds in the Plan were appropriately distributed to participants. First, the Defendant failed to act solely in the interests of the Plan participants and beneficiaries because they did not act with the exclusive purpose of providing benefits, in violation of ERISA § 404(a)(1). The Company, as a fiduciary, was obligated to distribute benefits, ensure the Plan's expense payments and terminate the Plan when the Company ceased operating as a corporation. The Company did not comply with the requirements of the Act, thereby favoring its own interests over those of the participants and beneficiaries. Freund v. Marshall & Illsley Bank, 485 F. Supp. 629 (W.D. Wis. 1979).

Second, the Defendant abandoned the Plan, failed to arrange for continued management of the Plan and failed to arrange for distributions to plan participants, all in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B). Because the Defendant did not ensure that the Plan assets were properly distributed, it failed to act prudently in the management of Plan assets in violation of ERISA.

### C. The Secretary is Entitled to the Remedies Sought

Plaintiff is entitled to injunctive relief against the Company. This Court has broad authority to grant "equitable or remedial relief as the court may deem appropriate." ERISA § 409(a), 29 U.S.C. § 1109(a); <u>Donovan v. Mazzola</u>, 716 F.2d at 1234; <u>Marshall v. Teamsters Local 282 Pension Trust Fund</u>, 458 F. Supp. 986, 987, 992 (E.D.N.Y. 1978); <u>Marshall v. Glass/Metal Ass'n & Glaziers & Glassworkers Pension Plan</u>, 507 F. Supp. 378, 385 (D. Haw. 1980); <u>Bierwirth</u>, 754 F.2d 1049, 1055-56 (2d Cir. 1985). In applying ERISA's remedial provisions, the courts have a duty to fashion the remedy that is most advantageous to plan participants and beneficiaries and which best effectuates the purpose of the trust. <u>Id.</u> at 1235; 29 U.S.C. § 1109(a).

Plaintiff seeks an Order enjoining the Company from engaging in any further action in violation of Title I of ERISA. Such remedies are appropriate

upon findings of imprudence and divided loyalties. Reich v. Lancaster, 55 F.3d 1034, 1054 (5th Cir. 1995); Beck v. Levering, 947 F.2d at 641; Levy v. Martin, 504 U.S. 909, 112 S. Ct. 937, 118 L.Ed.2d 544 (1992); Katsaros v. Cody, 744 F.2d 270, 281 (2d Cir. 1984); Mazzola, 716 F.2d at 1238-39.

**IV.     Conclusion**

For the reasons stated above, the Secretary is entitled to Judgment against the Company.

>M. PATRICIA SMITH
>Solicitor of Labor
>
>STANLEY E. KEEN
>Regional Solicitor
>
>ROBERT M. LEWIS, JR.
>Counsel for ERISA
>
>/s/Melanie L. Paul
>   MELANIE L. PAUL
>   GA Bar No. 142145
>   Office of the Solicitor
>   U.S. Department of Labor
>   61 Forsyth Street, SW
>   Room 7T10
>   Atlanta, GA 30303
>   (404) 302-5467
>   ATL.FEDCOURT@dol.gov  (Primary)
>   paul.melanie@dol.gov
>
>Attorneys for Plaintiff

SOL Case No. 09-12093